Filed 3/20/13  Jackson v. Robinson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FATEEN L. JACKSON,<br><br>        Plaintiff and Appellant,<br><br>                v.<br><br>M. ROBINSON et al.,<br><br>        Defendants and Respondents. | F064018<br><br>(Super. Ct. No. S-1500-CV-268716)<br><br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Fateen Jackson, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and Kenneth T. Roost, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

[*]Before Wiseman, Acting P.J., Levy, J., and Cornell, J.

Plaintiff Fateen L. Jackson is serving a sentence in state prison. He sued a prison guard and several prison officials after the guard confiscated his CD player/clock radio because it had a metal base that could have been used to make a weapon. The trial court granted defendants' motion for summary judgment and entered judgment in their favor. Jackson now argues that the court erred in granting summary judgment for several reasons, all related to an alleged inability to complete necessary discovery before the summary judgment motion was heard: Defendants failed to respond to his discovery requests in a manner he considered satisfactory; the court refused to continue the summary judgment hearing to allow Jackson to complete additional discovery; and the court refused to file Jackson's motion to compel discovery because of formal defects. Jackson also argues that the court erred in denying his motion for reconsideration of the summary judgment motion. Jackson's contentions are without merit and we will affirm the judgment.

### *FACTUAL AND PROCEDURAL HISTORIES*

Jackson filed his complaint in superior court on October 30, 2009. The complaint alleged that, in 2001, when Jackson was housed at California State Prison-Los Angeles County, he bought a clock radio with a CD player, which he was allowed to use in his cell. Jackson was moved to California Correctional Institution-Tehachapi in 2004. On August 11, 2006, a correctional officer identified as defendant M. Robinson confiscated the device because it had a metal plate attached to the underside.

Jackson submitted an administrative appeal form, in which he requested that the metal plate be removed and the CD player returned to him without it. In what is referred to as the "informal level" of response, the reviewing staff member rejected this request, writing that the plate was secured by 11 screws and that its removal would cause internal components to fall out. The staff member also wrote that the device no longer conformed to regulations because of its size and because its outer housing was not made of clear plastic.

2.

Jackson sought another response at the "formal level," stating that no parts would fall out if the metal plate were removed and that regulations contemplated that the transition to devices meeting the new requirements would take place through attrition, with inmates retaining their old devices until they stopped working. A panel of two staff members—a correctional sergeant and a facility captain—upheld the initial response, writing that the metal plate was a potential security threat, and that the CD player could not be returned without it because regulations prohibited inmates from possessing modified devices.

Jackson then proceeded to the "Second Level" review, arguing that he did not believe removing the metal plate would result in a modified device within the meaning of the regulations, and that it was a common practice for staff to remove parts of devices for various reasons and then return the devices to inmates. Further, the sergeant who participated in the prior level of review had actually taken the metal plate off and had seen that nothing would fall out of the device. The sergeant said he would have given the CD player back to Jackson without the base if it had been up to him. A panel consisting of an associate warden and a chief deputy warden again upheld the original decision. They wrote that the device could not be returned with the metal plate because the plate was "potential weapon stock." It also could not be returned without the metal plate because "[i]t is not the policy of California Correctional Institution to alter items in order to issue items out."

Finally, Jackson requested a "Director's Level" review. He cited former Title 15, California Code of Regulations, section 3006, subdivision (d), which provides: "Anything in the possession of an inmate which is not contraband but will, if retained in possession of the inmate, present a serious threat to facility security or the safety of inmates and staff, shall be controlled by staff to the degree necessary to eliminate the threat." Jackson argued that this regulation authorized staff to remove the metal plate and give the CD player back to him. He also contended that the prison was applying

3.

regulations arbitrarily, and asked to be reimbursed if the CD player were not returned. The original decision was upheld in a letter signed by the chief of the inmate appeals branch. The letter stated that the CD player was properly confiscated because the metal plate could be used to make a weapon. The letter did not address Jackson's claim that he was entitled to have the prison remove the dangerous part and return the device to him. It advised Jackson that he could forward his claim to the Victim Compensation and Government Claims Board for further review. Jackson did so; the Board rejected his claim and advised him that its rejection allowed him to initiate litigation.

Jackson's complaint alleges that, in addition to rejecting all his appeals, staff also refused to allow the CD player to be mailed to an outside address. He cited Title 15, California Code of Regulations, section 3191, subdivision (c), which provides that inmate property not meeting regulatory requirements can be mailed to someone willing to accept the property, if the inmate can pay the postage.

Boxes checked on the complaint form indicated that Jackson's causes of action were general negligence and intentional tort. Named as defendants were Officer Robinson and five officials who signed documents rejecting Jackson's appeals: Correctional Sergeant G. Allen, Correctional Captain D. Zanchi, Associate Warden M. Carrasco, Chief Deputy Warden F. Gonzales, and Chief of the Inmate Appeals Branch N. The complaint prayed for compensatory damages of $50,000 plus punitive damages.

After the complaint was filed, Jackson served interrogatories and requests for production of documents on defendants. On August 2, 2010, defendants successfully asked the court to extend the time for responding to the discovery requests to October 4, 2010. On August 17, 2010, defendants filed their motion for summary judgment. On October 7, 2010, Jackson sent a letter to defendants' counsel, asserting that defendants' discovery responses were evasive, included unmeritorious objections, and were missing pages. Defendants did not make further responses. Jackson attempted to file a motion to compel discovery, but on November 22, 2010, the court returned his papers with a letter

4.

stating that Jackson had failed to state a hearing date, time, and department and had failed to include copies and self-addressed stamped envelopes. On November 30, 2010, Jackson filed a request to continue the hearing on the summary judgment motion, which was set to be heard on December 2, 2010, and to extend the deadline for his opposition to the summary judgment motion. The request stated that Jackson needed more time to complete discovery. The court denied the request.

The motion for summary judgment was heard on December 2, 2010, without an opposition on file by Jackson. The court granted the motion, stating in its order that there was no tort liability for confiscating contraband, that defendants did not breach their duty of care, and that defendants were entitled to law enforcement immunity under Government Code section 820.4.

Jackson filed a motion to set aside the order granting summary judgment and to reconsider his request for a continuance. The motion asserted that Jackson was unable to obtain evidence necessary to oppose summary judgment because defendants failed to make adequate responses to his discovery requests, the court refused to file his motion to compel discovery, and the court denied him extra time to continue pursuing discovery. The court denied the motion.

Judgment for the defense was entered on March 2, 2012, after defendants neglected for a period to submit a judgment for the court's approval. Jackson's notice of appeal, which was was submitted earlier, was deemed filed upon this court's receipt of a conformed copy of the filed judgment.

### *DISCUSSION*

Jackson makes three arguments on the summary judgment issue: Defendants made inadequate discovery responses, preventing him from effectively opposing summary judgment; the court erred when it refused to file his motion to compel discovery; and the court erred when it refused to grant him a continuance to conduct additional discovery. Only the second and third arguments actually assert error by the

5.

trial court.  To show prejudice resulting from any error in the court's refusal to file the motion to compel, Jackson would have to show a potential to discover evidence that would have supported his opposition to the summary judgment motion.  (*People v. Watson* (1956) 46 Cal.2d 818, 836; *Daly v. General Motors Corp.* (1978) 20 Cal.3d 725, 746 [reversible error established only if appellant shows reasonable probability of more favorable outcome absent error].)  To show that the court erred in denying a continuance for the purpose of pursuing additional discovery, Jackson would have to show that "facts essential to justify opposition may exist" and that additional discovery was necessary to obtain and present them (Code Civ. Proc., § 437c, subd. (h)); and to show that the error was prejudicial, he would have to show a reasonable probability of a more favorable outcome if the continuance had been granted.  In other words, all Jackson's arguments for reversal of the trial court's summary judgment ruling require him to show that he was pursuing discovery of some evidence that could have helped him to defeat the summary judgment motion.

He has not shown this.  In his opening brief, Jackson mentions several interrogatories to which he received responses he considered evasive or incomplete: "what was the proper application of [Title 15, California Code of Regulations, section] 3006(d)"; what education and training defendants had; whether defendants had been defendants in prior lawsuits; and whether defendant Robinson had ever altered inmates' devices.  He also mentions two document requests to which he received responses he considered inadequate:  for prior inmate grievances against defendants concerning inmates' property; and for "rules, regulations, laws, rights, policies, directives or instructions to staff concerning inmates['] personal property .…"  Jackson's argument appears to be that proper responses to these discovery requests would have helped him to show that there was no policy against removing parts from inmates' otherwise-permissible devices to render them nondangerous and that this had often been done in the past.  Missing from Jackson's briefs is any explanation of how, if he had obtained

6.

information supporting this thesis, the information would also have supported denial of the motion for summary judgment. He cites no authority for the view that confiscating a device with a dangerous part and refusing to return it with that part removed would amount to negligence or an intentional tort—the causes of action for which he sued— even if defendants had accommodated inmates' wishes in similar situations on other occasions. There is no doubt that prison staff are entitled to take from inmates property than can be used to make weapons, and we know of no grounds for the notion that this lawful conduct becomes tortious if staff fail to return the property after taking affirmative steps to make it safe.

The record indicates that prison staff actually took the objectionable metal plate off the CD player, and their reasons for refusing to return the CD player other than the dangerous character of that plate—the device would fall apart without the plate, it was not made of clear plastic, modification rendered it contraband, and something was wrong with its size—seem to have been abandoned by the time Jackson's grievance reached the director's level of review. Prison officials were under no obligation to carry out a modification to make a dangerous object safe, but it appears to be undisputed that the modification had actually already been carried out, and staff simply decided not to return the device anyway. Behavior that is frustrating and appears arbitrary is not, however, made tortious for that reason.

Jackson also argues that the trial court erred when it denied his motion for reconsideration of the orders denying a continuance and granting summary judgment. A motion for reconsideration of a prior order must be based on new or different facts, circumstances, or law. The party making the motion must "state by affidavit … what new or different facts, circumstances, or law are claimed to be shown." (Code Civ. Proc., § 1008, subd. (a).) Jackson's motion for reconsideration merely recited the facts about his dissatisfaction with defendants' discovery responses and the court's refusal to file his motion to compel additional responses. By his own admission, Jackson had already told

the court about his dissatisfaction with defendants' responses at a case management conference on November 1, 2010.  He asserts that at the summary judgment hearing, he "was not heard on the issues surrounding the reasons [he] could not file a proper opposition," but his motion for a continuance, which was read and denied by the court, explained those reasons.  We conclude that Jackson failed to make a statement of new or different facts, law, or circumstances in support of his motion for reconsideration.

## *DISPOSITION*

The judgment is affirmed.

No costs are awarded.

8.